UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW SCHWARZ,

      Plaintiff,

vs.

MANPOWER INCORPORATED OF
TOLEDO and LAIRD TECHNOLOGIES,
Foreign Profit Corporations, Jointly and Severally.

      Defendants.

Case No. 14

HON.

_____/

LAW OFFICES OF DEAN T. YEOTIS
DEAN T. YEOTIS (P41290)
CRISTINE WASSERMAN (P53656)
NANCY K. CHINONIS (P71350)
Attorneys for Plaintiff
611 W. Court Street
Flint, MI 48503
(810) 767-6100

_____/

## COMPLAINT AND JURY DEMAND

      Plaintiff, MATTHEW SCHWARZ, by his attorneys, the LAW OFFICE

OF DEAN T. YEOTIS, complain of Defendants as follows:

## PARTIES AND JURISDICTION

      1.    Plaintiff is a resident of the County of Genesee, State of

Michigan.

LAW OFFICES
**DEAN T. YEOTIS**
611 W. Court Street
Flint, MI  48503
(810) 767-6100
Fax (810) 767-6415

1

2.     Defendant, MANPOWER INCORPORATED OF TOLEDO (hereinafter referred to as "Manpower") is a corporation, which transacts business in the County of Genesee, State of Michigan.

3.     Defendant, LAIRD TECHNOLOGIES (hereinafter referred to as "Laird") is a foreign corporation, which transacts business in the County of Genesee, State of Michigan.

4.     The claims which Plaintiff asserts in this case include:

   a.     Denial of entitlements under the Family Medical Leave Act;

   b.     Interference, retaliation and/or willful violation of the Family Medical Leave Act;

   c.     Violation of the Michigan Persons With Disabilities Civil Rights Act, MCL 37.1101, et seq.

5.     The claims asserted by Plaintiff are for an amount in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6.     This suit is authorized and instituted pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et. seq.* providing for certain entitlements and for relief from retaliation, discrimination, termination or change in employment status if the adverse action is based

LAW OFFICES
**DEAN T. YEOTIS**
611 W. Court Street
Flint, MI  48503
(810) 767-6100
Fax (810) 767-6415

2

on an employee exercising any rights provided under 29 U.S.C. § 2601 *et. seq.*

7.   This Court has jurisdiction over Plaintiff's Complaint based upon Federal Question Jurisdiction, 28 USC § 1331.

8.   This Court has supplemental jurisdiction as to Plaintiff's state law claim pursuant to 28 USC §1367.

9.   Venue is proper in this Court for the reason that the facts of this case arose from Plaintiff's employment with Defendants in the County of Genesee, State of Michigan and, therefore, arose in the judicial district of the United States District Court for the Eastern District of Michigan.

## GENERAL FACTUAL ALLEGATIONS

10.   Plaintiff incorporates paragraphs 1 through 9.

11.   Defendant Corporations are at all relevant times engaged in commerce or in an industry or activity affecting commerce and employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar weeks in the current or preceding calendar year and is therefore an employer as defined in 29 U.S.C. §2611(4).

12.   Plaintiff began his employment with Defendant Manpower in June of 2010.

LAW OFFICES
**DEAN T. YEOTIS**
611 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-6415

3

13.     Defendant Manpower contracted/leased Plaintiff to work at Defendant Laird in or about June of 2010.

14.     Throughout his employment, Plaintiff continually provided services to Defendant Laird, performing the same basic duties under the same conditions.

15.     Plaintiff employed with Defendants for least the 12 months and 1,250 hours in the preceding 12 months prior to his need to obtain leave under the Family Medical Leave Act and is thus an eligible employee as defined by 29 U.S.C. §2611(2).

16.     Defendant Manpower and Defendant Laird are joint employers for purposes of application of the Family Medical Leave Act.

17.     Defendant Manpower was responsible for providing technical staff, such as Plaintiff, to Defendant Laird.   Defendant Manpower, upon information and belief, managed payroll and benefits for Plaintiff and referred to Plaintiff as its employee in various hiring materials.

18.     Defendant Laird exercised significant control over Plaintiff's day to day work activities, set Plaintiff's hours of work and salary, and completed performance evaluation(s) on Plaintiff.

LAW OFFICES
**DEAN T. YEOTIS**
611 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-6415

4

19.     Defendant Manpower hired Plaintiff, while Plaintiff's supervisor at Defendant Laird advised Plaintiff that he was terminated for 'too many absences'.

20.     Plaintiff was required to follow the work rules for both Defendant Manpower and Defendant Laird.

21.     Defendant Laird had the power to change and/or alter Plaintiff's work duties and assignments, subject to Plaintiff's notification of such changes to Defendant Manpower.

22.     Both Defendant Manpower and Defendant Laird provided Plaintiff with supervisors, but Defendant Laird supervised Plaintiff's day to day activities.

23.     Plaintiff Schwarz was an excellent employee for Defendants throughout Plaintiff's career and last held the position of Electronics Technician.

24.     As of Plaintiff's last day of work, neither Defendant had any notice posted in the workplace describing or giving Plaintiff notice of his rights under FMLA.

25.     In October of 2011 due to a serious medical condition, renal disease, one of Plaintiff's kidneys was removed.

LAW OFFICES
**DEAN T. YEOTIS**
611 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-6415

5

26.   Plaintiff suffers from a serious kidney disease, which is considered a disability under MCL 37.1101 et seq. – the Michigan Person's with Disability Act.

27.   Plaintiff suffers from a serious kidney condition which substantially limits 1 or more of his major life activities and is unrelated to his ability to perform the duties of his position.

28.   Defendants were well aware that Plaintiff was suffering from a renal condition and was well aware that Plaintiff was undergoing medical treatment for it.

29.   Defendants discharged Plaintiff, in substantial part, because it perceived Plaintiff to be suffering from a disability.

30.   Due to the kidney's removal Plaintiff was prescribed dialysis three (3) times per week.

31.   Plaintiff notified both Defendants of his medical condition and the need to undergo dialysis three (3) times per week.

32.   In January of 2012 Plaintiff was advised he needed surgery to insert 'grafts' for dialysis retreatment and immediately notified Defendants of the same. The surgery forced Plaintiff to miss two (2) days of work.

LAW OFFICES
**DEAN T. YEOTIS**
611 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-6415

6

33.   Plaintiff's notification to Defendants regarding his need for time off because of his serious renal condition was sufficient to put employer on notice that employee's leave was covered under the FMLA.

34.   Upon returning to work on or about January of 2012, Plaintiff was terminated for 'too many absences'.

35.   Plaintiff's renal disease and loss of a kidney requiring dialysis treatments three (3) times per week is a "serious health condition" within the meaning of FMLA and the MPWDA.

36.   Plaintiff requested time off, not exceeding 12 weeks, due to his serious health condition, a qualifying leave under the FMLA.

37.   Defendants' actions in failing to give Plaintiff notice of his entitlement to leave protected under the Family Medical Leave Act due to his serious health condition, are a violation of law.

38.   Defendants' actions in failing to return Plaintiff to his pre-leave position, or a comparable pre-leave condition, is a violation of law.

39.   Defendants' actions in terminating Plaintiff's employment in retaliation for and in interference of, Plaintiff's entitlement to FMLA leave and restoration to pre-leave position, or a comparable pre-leave position, are a violation of the law.

LAW OFFICES
**DEAN T. YEOTIS**
611 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-6415

7

40.    Defendants' actions in terminating Plaintiff were willful, malicious and recklessly indifferent to Plaintiff' legally protected rights.

41.    Defendants discharged Plaintiff, in substantial part, because they Plaintiff suffers from a disability and/or because Defendants perceived Plaintiff to be suffering from a disability.

42.    Based on Defendants' wrongful acts, Plaintiff has suffered past and future economic damages as well as past and future emotional and mental anguish damages.  Plaintiff also seeks liquidate, double and treble damages as permitted under the FMLA and a statutory attorney fee award.

## COUNT I
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
## ENTITLEMENT – PRESCRIPTIVE VIOLATION

43.    Plaintiff incorporates paragraphs 1 thru 42.

44.    Plaintiff's medical condition is considered a "serious health condition" within the meaning of FMLA.

45.    Defendants are 'joint employers' for purposes of the Family Medical Leave Act.

46.    Defendants failed to inform Plaintiff of his entitlement to FMLA benefits protections pursuant to 29 U.S.C § 2612(a)(1).

47.    Defendants' violated the provisions of 29 U. S. C. § 2601, *et. seq.*, by failing to advise Plaintiff of his entitlement to leave for his serious

LAW OFFICES
**DEAN T. YEOTIS**
611 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-6415

8

health condition, and by failing to reinstate Plaintiff to the same or equivalent position upon his return from a two (2) day absence.

48.    Based on Defendants' wrongful acts, Plaintiff has suffered past and future economic damages as well as past and future emotional and mental anguish damages.  Plaintiff also seeks liquidated, double and treble damages as permitted under the FMLA and a statutory attorney fee award.

## COUNT II
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
## INTERFERENCE AND RETALIATION-PROSCRIPTIVE VIOLATION

49.    Plaintiff incorporates paragraphs 1 thru 48.

50.    Upon returning to work on or about January 29, 2014, after missing two (2) days of work for surgical insertion of a 'grafts' relating to dialysis, Plaintiff's employment with Defendants' was terminated purportedly for excessive absences.

51.    Other employees, not suffering serious health conditions and/or disabilities thus, not entitled to leave under the Family Medical Leave Act, had missed two (2) days of work, and were not terminated.

52.    Both Defendants acted willfully, wantonly, intentionally and/or in reckless disregard for Plaintiff's legal rights in terminating Plaintiff's employment and refusing to reinstate Plaintiff to the same or equivalent positions upon his return from a two (2) day absence due to his "serious

LAW OFFICES
**DEAN T. YEOTIS**
611 W. Court Street
Flint, MI  48503
(810) 767-6100
Fax (810) 767-6415

9

medical condition.   Accordingly, Plaintiff asserts a claim of proscriptive violation of the Family and Medical Leave Act.

53.   Based on Defendants' wrongful acts, Plaintiff has suffered past and future economic damages as well as past and future emotional and mental anguish damages.  Plaintiff also seeks liquidated, double and treble damages as permitted under the FMLA and a statutory attorney fee award.

**COUNT III**
**VIOLATION OF MICHIGAN PERSONS WITH**
**DISABILITIES CIVIL RIGHTS ACT CLAIM – MCL 37.1101, et seq.**

54.   Plaintiff incorporates paragraphs 1 thru 53.

55.   Shortly before Plaintiff's discharge, in or about October of 2011, Plaintiff was suffering from end stage renal disease.

56.   At the time of her termination, Plaintiff's renal disease did not interfere with his ability to perform his job duties with Defendants.

57.   Plaintiff was undergoing medical treatment in an attempt to get better.

58.   Defendants were well aware that Plaintiff was suffering from end stage renal disease which did not interfere with Plaintiff's ability to perform his job related duties.

59.   Defendants perceived Plaintiff to be suffering from a disability.

LAW OFFICES
**DEAN T. YEOTIS**
611 W. Court Street
Flint, MI  48503
(810) 767-6100
Fax (810) 767-6415

10

60.    Plaintiff was suffering from a disability as defined by the Michigan Persons With Disabilities Civil Rights Act-MCL 37.1101, et seq.

61.    Defendants treated Plaintiff differently than other similarly situated employees who did not have a disability in the terms and conditions of his employment, including terminating Plaintiff's employment because of absences related to receiving medical treatment for his renal disease.

62.    Defendants terminated Plaintiff in substantial part because of his disability and/or because they perceived him to be suffering from a disability in violation of MCL 37.1101 et seq.

63.    Based on Defendants' wrongful acts, Plaintiff has suffered economic damages, as well as emotional harm damages.


## CONCLUSION

Plaintiff seeks judgment against Defendants for damages exceeding Seventy-Five Thousand Dollars ($75,000.00), together with costs and interest.

## DEMAND FOR JURY TRIAL

Plaintiff demand a Trial by Jury as permitted by F.R.C.P 38 for a Jury Trial.

LAW OFFICES
**DEAN T. YEOTIS**
611 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-6415

11

Respectfully submitted,

LAW OFFICES OF DEAN T. YEOTIS


Dated: January 11, 2014

 /s/Cristine Wasserman Rathe
CRISTINE WASSERMAN RATHE (P53656)
Attorneys for Plaintiff
611 W. Court Street
Flint, Michigan 48503
(810) 767-6100
cristinewasserman@hotmail.com

LAW OFFICES
**DEAN T. YEOTIS**
611 W. Court Street
Flint, MI  48503
(810) 767-6100
Fax (810) 767-6415

12